DAVID R. GIBSON and PATRICIA L. GIBSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gibson v. Commissioner
Docket No. 3938-78.
United States Tax Court
T.C. Memo 1979-279; 1979 Tax Ct. Memo LEXIS 245; 38 T.C.M. (CCH) 1092; T.C.M. (RIA) 79279; July 25, 1979, Filed David R. Gibson, pro se. Ralph W. Jones, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $357. The issue for decision is whether respondent properly computed petitioners' income tax on the basis of the Forms W-2 attached to the Form 1040 filed by petitioners for the year 1976. The parties stipulated that petitioners, husband and wife, who resided in Boise, Idaho at the time they filed their petition in this case, filed their Federal income tax return for the calendar year 1976 with the Internal Revenue Service Center at Ogden, Utah. Attached to the stipulation was a copy of petitioners' tax return for the year 1976. Attached to this return were two Forms W-2. One of the Forms W-2 showed wages *246 of $1,746.76 paid to petitioner David R. Gibson. The other Form W-2 showed wages of $6,636 paid to petitioner Patricia L. Gibson from which had been withheld $189 of Federal income taxes. The return showed petitioners' names and address, their social security numbers, and a claim for four exemptions -- one for each petitioner and two for dependent children who lived with them. On the return, a claim for refund of $189 was made. The return showed the occupation of David R. Gibson as "Self Employed" and of Patricia L. Gibson as "Secretary." All other spaces on the Form 1040 filed by petitioners contained "*" or "**." [1] On the side of the return was written: "This return consists of 32 attached pages plus a 4-page insert" and underneath this statement the statement: "I offer to amend or to re-file this return exactly as you wish it, if you will please show me how to do so without waiving my constitutional rights." *247 Attached to the return were documents which included copies of certain affidavits with respect to another case and copies of printed material dealing with congressional appropriations, foreign aid, Federal Reserve notes, decisions of the Supreme Court with respect to abortion, and the operations of the Internal Revenue Service. Petitioner Patricia L. Gibson did not appear at at the trial. Petitioner David R. Gibson did not testify on his own behalf and offered no evidence at the trial other than the stipulated facts. David R. Gibson was called as a witness by respondent. He identified the Form 1040, a copy of which had been stipulated into the record, filed by him and his wife and testified that he had indicated on that return that he was self-employed during 1976. He refused to answer any other questions propounded to him by respondent's counsel, stating in response to each question: "I respectfully decline to answer that question on the grounds that it may incriminate me." Respondent did not request the Court to rule on whether petitioner should be required to answer the questions propounded to him, but accepted the witness' refusal to answer. In his notice of deficiency, *248 respondent computed petitioners' tax on the basis of income of $8,382, the total amount shown on the two Forms W-2 attached to their return, using the tax table appropriate for four exemptions. The computation resulted in a tax of $357, which was the amount of the deficiency shown in the deficiency notice. In the deficiency notice it was further shown that $189 had been withheld from petitioners' wages and that the additional amount due to be paid was $168. The explanation for the adjustment was: A deduction, credit, omission of income, or other adjustment on a Federal tax return as an expression of protest is not provided for by law. We have corrected your tax for the adjustment you made. (Section 61 of the Internal Revenue Code.) In their petition, petitioners assigned the following errors: A. Deficiency is based upon a charge, by the Internal Revenue Service, of Protest. B. Deficiency is based upon only W-2 information which was attached to form 1040 as provided by law. C. Equal protection under the law is not granted here, as our form was selected, from many, for selective enforcement. D. No final relief is sought in Internal Revenue Service *249 Notice of Deficiency. The only statements set forth under the paragraphs purportedly showing the facts upon which petitioners rely are restatements of the errors assigned and references to petitioners' rights under the 14th, 9th and 5th Amendments to the Constitution. Clearly, in this case petitioners have produced no evidence to show error in respondent's determination. In our view, respondent was completely justified in computing petitioners' tax on the basis of the Forms W-2 attached to their return. The only assignment of error in the petition which could be considered as possibly raising an issue which would require discussion in an Opinion of this Court is petitioners' assignment of error "C" to the effect that their return was "selected * * * for selective enforcement." Petitioners offered no evidence with respect to this allegation. Respondent has made no affirmative allegations in his answer in this case. On the basis of this record and petitioners' total failure to show any error on the part of respondent, we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. "*" explained as meaning: This is not according to my understanding of a "dollar." See attached affidavit. "**" explained as meaning: This means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments↩.